## Hargan v. Louisville Gas & Electric Co., Inc.

Feb. 13, 1942.

Hal. O. Williams, John R. Williams and Arthur C. Hall for appellant.

LeRoy Curtis and Curtis & Curtis for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

At the time in controversy the Kentucky State Highway Department was engaged in the construction and widening of U. S. Highway No. 31-W out of Louisville and as a part of this project required the appellee, Louisville Gas and Electric Company, to remove its pipe line from the east to the west side of the highway. In removing this pipe dirt was necessarily thrown by the side of the ditch and in places, where the line was near the old road, was thrown on the traveled portion of the

road. A barricade was maintained in the daytime at each end of the project, but the barricades were removed at the conclusion of working hours.

The appellant, Roy Hargan, was visiting at Medora, south of Louisville, and on May 29, 1939, drove from Medora to Louisville and back in his automobile. On this trip he drove on the detour provided on account of this project. That night he again started to Louisville and, finding the barricade removed, drove along the highway on which the dirt had been thrown so that at times he was compelled to drive to the left of the center of the highway. He testified that when he first entered on this stretch of the road the dirt was not so far out in the road, but that after he had traveled fifty to seventy-five feet the dirt kept closing in until at times he was forced to cross the center of the road. He continued driving for approximately six hundred feet, when he collided with a truck coming from the opposite direction and as a result of injuries sustained in the collision it became necessary to amputate his arm. Hargan testified that at the point of collision the dirt extended further into the road than at other places, but that he was unable to tell how far it did extend by reason of a curve in the road. From the evidence it is apparent that several small flares were placed by the side of the ditch, but appellant's evidence tends to establish that these flares were insufficient to show how far the dirt extended into the road by reason of the fact that the pile of dirt was between the flares and the road.

In this action for damages appellant relied on negligence of the appellee in failing to maintain sufficient lights upon and about the pile of dirt to warn the traveling public of the unsafe and dangerous condition of the road at nighttime. There was no allegation of violation of duty upon the part of appellee in obstructing the road for the reason, evidently, that the right so to do under the orders of the State Highway Department was recognized. At the conclusion of appellant's evidence a verdict was directed for the appellee and this appeal is from the judgment entered on that verdict.

The trial court, in giving the directed verdict, was motivated by the theory that appellant was guilty of contributory negligence as a matter of law in operating his automobile in the manner described. It is argued most earnestly for appellant that it is not negligence per se to

drive on the left-hand side of the road, and many cases from foreign jurisdictions are cited to sustain this theory. We are inclined to agree with the general proposition, that one injured in a collision would not in every case be deemed guilty of contributory negligence as a matter of law by reason of the fact that he was operating his car to the left of the center of the highway. However, it seems clear that the failure of appellee to place lights on the top of the pile of dirt as a warning to the traveling public was not the proximate cause of the collision and of appellant's injuries. Appellant knew of the condition creating the dangerous situation. His own automobile lights revealed this situation to him just as clearly, and possibly more so, than would any lights the appellee might have placed. With full knowledge of the dangerous situation confronting him, he continued to operate his automobile at a speed of thirty to thirty-five miles per hour, traveling at times with his automobile extending beyond the center of the road, until he finally came in collision with the truck. We think it clear that the proximate cause of the collision was appellant's own action in operating the car in the manner he did, combined, possibly, with the manner in which the driver of the truck operated that vehicle. Certainly the failure of the appellee to maintain lights for the purpose of disclosing this dangerous situation, the negligence relied on by appellant, was not the proximate cause, since the lights would only have served to reveal a situation of which the appellant was fully aware. Although appellee may have been negligent in failing to maintain lights, it is manifest from the evidence that such negligence did not cause the accident.

It is suggested that appellant should have been absolved from blame for the accident under the sudden emergency doctrine. That doctrine has no application here, however, since appellant had been aware for some time of the danger in which he was placed. In any event, the emergency (if there was one) confronting appellant was caused by his own action in continuing to travel the highway in the dangerous situation in which he found it. He could not by his own action create an emergency and then hold appellee for damages arising from the emergency. Rabold v. Gonyer, 285 Ky. 618, 148 S. W. (2d) 728.

Judgment affirmed.